UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ZETA GLOBAL CORP., a Delaware corporation, | Civil Action No. 1:20-cv-03951-LGS

*Plaintiff*,

v.

MAROPOST MARKETING CLOUD, INC., a Canada corporation,

*Defendant*.

-----------------------------------------------------------------X

**MEMORANDUM OF LAW OF DEFENDANT MAROPOST MARKETING CLOUD, INC. IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I-III OF THE COMPLAINT ON THE GROUND OF *FORUM NON CONVENIENS***

Elizabeth J. Sher
Mark Salah Morgan
Jonathan B. Tropp
DAY PITNEY LLP
605 Third Avenue, 31st Floor
New York, New York  10158
T: (212) 297-5800
F: (212) 916-2940
*Counsel for Defendant*

106536588.2

-i-

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................... 2

LEGAL ARGUMENT ................................................................................................................... 4

    I.   COUNTS I-III OF ZETA'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS BECAUSE THESE CLAIMS ARE SUBJECT TO A CANADIAN FORUM-SELECTION CLAUSE. .......... 4

        A.   The Forum-Selection Clause in the Maropost Agreement Is Presumptively Enforceable. .................................................................................................................. 5

        B.   Zeta Cannot Overcome the Presumptive Enforceability of the Forum-Selection Clause.............................................................................................................................. 8

CONCLUSION............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aguas Lenders Recovery Group v. Suez, S.A.*,
   585 F.3d 696 (2d Cir. 2009) ................................................................................................6

*Allianz Global Investors GmbH v. Bank of America Corp.*,
   No. 18-10364, 2020 WL 2765693 (S.D.N.Y. May 28, 2020) ............................................6, 7

*Atlantic Marine Construction Co., v. U.S. District Court for the
   Western District of Texas*,
   571 U.S. 49 (2013) .................................................................................................2, 4, 5, 8

*Baosteel America, Inc. v. M/V "Ocean Lord"*,
   257 F. Supp. 2d 687 (S.D.N.Y. 2003) ..................................................................................6

*Carnival Cruise Lines, Inc. v. Shute*,
   499 U.S. 585 (1991) ............................................................................................................8

*Cfirstclass Corp. v. Silverjet PLC*,
   560 F. Supp. 2d 324 (S.D.N.Y. 2008) ..................................................................................7

*Khan v. Delta Airlines, Inc.*,
   No. 10-cv-2080, 2010 WL 3210717 (E.D.N.Y. Aug. 12, 2010) ..........................................10

*Martinez v. Bloomberg LP*,
   740 F.3d 211 (2d Cir. 2014) ............................................................................................5, 6

*Novak v. Tucows, Inc.*,
   330 F. App'x 204 (2d Cir. 2009) .........................................................................................9

*NovaSparks SA v. EnyxFPGA*,
   344 F. Supp. 3d 666 (S.D.N.Y. 2018) ..................................................................................5

*Phillips v. Audio Active Ltd.*,
   494 F.3d 378 (2d Cir. 2007) ...................................................................................4, 5, 6, 8, 9

*Sick Kids (Need) Involved People of N.Y., Inc. v. 1561599 Ontario, Inc.*,
   No. 15-cv-3756, 2015 WL 5672042 (S.D.N.Y. Sept. 25, 2015) ....................................6, 7, 9

*Starkey v. G Adventures, Inc.*,
   796 F.3d 193 (2d Cir. 2015) .......................................................................................5, 8, 9

**Rules**

## PRELIMINARY STATEMENT

Defendant Maropost Marketing Cloud, Inc. ("Maropost") brings this motion to dismiss Counts I-III of the Complaint filed by Zeta Global Corp. ("Zeta"), on the ground of *forum non conveniens*, as these counts are subject to a clear forum-selection clause requiring them to be litigated in Toronto, Ontario. Counts I-III (for breach of contract, tortious interference, and a declaratory judgment, respectively) all relate to an agreement (the "Maropost Agreement") initially entered into between Maropost and non-party IgnitionOne, Inc. ("IgnitionOne"). Zeta claims to have acquired IgnitionOne's rights and obligations under the Maropost Agreement in connection with IgnitionOne's insolvency, and is now purporting to enforce the Maropost Agreement while ignoring its forum-selection clause.

Specifically, Counts I-III all relate to a provision contained in the Maropost Agreement concerning the solicitation of customers and employees of IgnitionOne. Zeta's position is that, through IgnitionOne's insolvency proceeding, Zeta acquired all of IgnitionOne's customers, as well as the right – purportedly under the Maropost Agreement – to prevent Maropost from soliciting these customers. While Maropost disputes Zeta's claim that it can "purchase" customers from an insolvent business and then assert the benefit of the Maropost Agreement's non-solicitation provision as to these customers, this is a question for the court in Ontario.

Maropost anticipates that Zeta will argue that because it has also asserted patent infringement claims (Counts IV-VI), efficiency requires the claims to be tried together.[1] However, the Second Circuit has, under nearly identical circumstances involving copyright

---

[1] Maropost sought leave to include within this motion to dismiss its arguments that the patent counts too should be dismissed because the patent claims cover patent-ineligible subject matter. The Court denied this request during a conference on September 24, 2020, pending completion of claim construction. Nonetheless, Maropost anticipates that the patent counts will be dismissed at the appropriate time.

claims, held that the appropriate course in this situation is to split the claims to give the party asserting the forum-selection clause the benefit of its bargain to the greatest extent possible. Claim-splitting is particularly appropriate here, as a review of the Complaint makes clear that there is no connective tissue whatsoever between the common-law claims in Counts I-III and the patent claims in Counts IV-VI; indeed, at paragraph 43, the Complaint abruptly shifts gears. In view of the foregoing, and as discussed in detail below, Counts I-III of the Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

## STATEMENT OF FACTS

Maropost is a Canadian technology company that provides e-mail services to commercial clients.[2] (Compl. at 1, ECF No. 1.) In October 2017, Maropost entered into the Maropost Agreement with non-party IgnitionOne, a digital marketing company. (Compl. ¶¶7-8; Compl. Ex. A (Maropost Agreement), ECF No. 5-1.) The Maropost Agreement generally required Maropost to provide to IgnitionOne various e-mail related services. (Compl. ¶9.) The Maropost Agreement also contained, as relevant here: (1) a forum selection clause requiring that all disputes "arising out of or in connection" with the Maropost Agreement be resolved in Toronto, Ontario (Maropost Agreement ¶7, discussed in greater detail in Part I, *infra*); and (2) a non-solicitation provision through which Maropost agreed, for a limited period of time, not to solicit customers or employees of IgnitionOne (Maropost Agreement, Schedule A ¶8).

In November 2019, IgnitionOne filed a general assignment for the benefit of creditors (*i.e.*, an insolvency proceeding) and assigned all of its assets, including the Maropost Agreement, to Asset Recovery Associates, LLC ("Asset Recovery"). (Compl. ¶19.) That same month, Asset

---

[2] Because this is a motion to dismiss, Maropost takes this recitation of facts primarily from Zeta's Complaint; Maropost's repetition of facts alleged by Zeta should not be construed as endorsing or admitting same, and Maropost expressly reserves the right to challenge Zeta's version of the facts at any later stage of this proceeding.

Recovery entered into an asset purchase agreement with Zeta, under which Zeta purportedly purchased IgnitionOne's assets including its interest in the Maropost Agreement. (Compl. ¶¶21-22.) Zeta and Asset Recovery also entered into an assignment and assumption agreement, apparently to make clear that Zeta was "unequivocally" acquiring "all IgnitionOne's rights, title, and interest in and to the Maropost Agreement." (Compl. ¶24.)

Zeta contends that as the assignee of the Maropost Agreement and the purchaser of IgnitionOne's assets, all of IgnitionOne's former customers are now its customers (Compl. ¶29.) Zeta further contends that Maropost has improperly solicited two former IgnitionOne customers "covered by the Maropost Agreement." (Compl. ¶¶28-34.) To that end, Zeta filed this action on May 21, 2020, asserting causes of action for breach of the Maropost Agreement (Compl. Count I), tortious interference (Compl. Count II), and a declaratory judgment count seeking a declaration that Maropost must abide by the Maropost Agreement (Compl. Count III). With respect to Count II, and as discussed in greater detail below, Zeta does not allege any "tortious" conduct by Maropost other than the solicitation of customers purportedly covered by the Maropost Agreement; *i.e.*, the tortious interference count is predicated on the Maropost Agreement and duplicative of Zeta's breach of contract and declaratory judgment counts. In addition to these causes of action, Zeta asserts three causes of action for patent infringement, which are unrelated to the Maropost Agreement. (Compl. Counts IV-VI.) Maropost brings this motion for dismissal of Counts I-III, under the doctrine of *forum non conveniens*, in view of the

unequivocal forum-selection clause in the Maropost Agreement requiring these counts to be litigated in Toronto.[3]

## LEGAL ARGUMENT

### I. COUNTS I-III OF ZETA'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO THE DOCTRINE OF *FORUM NON CONVENIENS* BECAUSE THESE CLAIMS ARE SUBJECT TO A CANADIAN FORUM-SELECTION CLAUSE.

Counts I-III of Zeta's Complaint must be dismissed because they are all subject to a forum-selection clause in the Maropost Agreement that provides:

> This Agreement is governed by the laws of the Province of Ontario Canada. All disputes arising out of or in connection with this Agreement <u>shall</u> be referred to and finally resolved under the laws of Ontario <u>and in Toronto, Ontario</u>.

(Maropost Agreement ¶7 (emphasis added)).

Claims that are subject to an enforceable forum-selection clause pointing to a foreign country should be dismissed pursuant to the doctrine of *forum non conveniens*. *Atl. Marine Constr. Co., v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). A forum-selection clause is presumptively enforceable if three criteria are met: (1) "the clause was reasonably communicated to the party resisting enforcement"; (2) the clause is mandatory, as opposed to permissive; and (3) "the claims and parties involved in the suit are subject to the forum selection clause." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). A presumptively valid forum-selection clause must be enforced unless the party resisting enforcement makes a "sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the

---

[3] We note that this is not the first time Zeta has dragged Maropost into an improper forum. Zeta initially sued Maropost in the Central District of California, under Docket No. 2:20-cv-01216. Maropost moved to dismiss that action due to, *inter alia*, lack of personal jurisdiction. After the judge presiding over the California action issued a tentative ruling indicating his intent to grant the motion as to lack of personal jurisdiction (Tentative Ruling, ECF Doc. No. 25), the parties stipulated to dismissal of the action on this basis (Stipulation, ECF Doc. No. 26).

clause was invalid for reasons such as fraud or overreaching.'" *Phillips*, 494 F.3d at 383-84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).[4] Generally, *forum non conveniens* motions based on forum-selection clauses can be resolved by reference to the pleadings and any supplemental affidavits, although an evidentiary hearing is required if there are disputed facts that must be resolved in favor of the party invoking the clause. *Martinez*, 740 F.3d at 216-17.

>   A. *The Forum-Selection Clause in the Maropost Agreement Is Presumptively Enforceable.*

All of the criteria for presumptive enforcement of the forum-selection clause as to Counts I-III are present here. First, there can be no dispute that Zeta was aware of the content of the Maropost Agreement; *i.e.*, that the forum-selection clause was reasonably communicated to Zeta (and its predecessor-in-interest, IgnitionOne).[5] In fact, Zeta alleges that it entered into an "Assignment and Assumption Agreement . . . to ensure its acquisition of rights [and obligations] under the Maropost Agreement was unequivocally clear." (Compl. ¶¶21-25.) Having apparently

---

[4] *Phillips* was decided pursuant to Rule 12(b)(3). The Supreme Court subsequently clarified in the *Atlantic Marine* case that the doctrine of *forum non conveniens*, and not Rule 12(b)(3), is the appropriate vehicle for dismissal of claims subject to a forum-selection clause pointing to a foreign country as opposed to a different federal district. However, *Atlantic Marine* did not alter the substantive analysis of forum-selection clauses, and the Second Circuit still employs the *Phillips* framework. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). Moreover, although motions to dismiss based on a forum-selection clause no longer neatly fall within any of the categories of Rule 12(b), courts have treated them generally as 12(b) motions. *See NovaSparks SA v. EnyxFPGA*, 344 F. Supp. 3d 666, 671 n.3 (S.D.N.Y. 2018). Presumably, one advantage of this approach is that it keeps in place what was universally understood pre-*Atlantic Marine*: a motion to dismiss based on a forum-selection clause tolls the time to answer under Rule 12(b).

[5] Here, the forum-selection clause was one of only eight provisions in the two-page main text of the Maropost Agreement. Courts have upheld forum-selection clauses as reasonably communicated even when they are far less obvious from the face of the agreement than the one here. *Cf. Starkey v. G Adventures, Inc.*, 796 F.3d 193, 197 (2d Cir. 2015) (upholding forum-selection clause that could be viewed only by clicking hyperlink to separate "Terms and Conditions" document).

taken pains to ensure that it would assume all rights and obligations under the Maropost Agreement, Zeta cannot plausibly claim that it was unaware that the Agreement contained a forum-selection clause obligating Zeta to litigate in Canada.

Second, the forum-selection clause is mandatory, as evidenced by use of the word "shall." When a forum-selection clause provides that a dispute "shall" be brought in a particular forum without any reference to the possibility of jurisdiction in another forum, the clause is mandatory. *Baosteel Am., Inc. v. M/V "Ocean Lord"*, 257 F. Supp. 2d 687, 689-90 (S.D.N.Y. 2003); *see also Sick Kids (Need) Involved People of N.Y., Inc. v. 1561599 Ontario, Inc.*, No. 15-cv-3756, 2015 WL 5672042, at *3 (S.D.N.Y. Sept. 25, 2015) (noting that Ontario law also distinguishes between mandatory and permissive forum-selection clauses, and similarly holds that language indicating that a dispute "shall" be brought in a particular forum indicates that forum-selection clause is mandatory).[6]

Third, the forum-selection clause applies to Counts I-III and to Zeta. *See Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 700-01 (2d Cir. 2009) (holding mandatory forum-selection clause binds successor-in-interest to agreement). As noted above, the clause covers "all disputes arising out of or in connection with [the Maropost Agreement]." (Maropost Agreement ¶7.) As this Court has explained, a claim is considered to "arise out" of a contract when there is a causal connection between the contract and the claim. *Allianz Global Inv'rs GmbH v. Bank of*

---

[6] The interpretation, as opposed to the enforceability, of the forum-selection clause in this case is governed by Ontario law, as the forum-selection clause also contains an Ontario choice-of-law provision. *Martinez v. Bloomberg LP*, 740 F.3d 211, 216-17 (2d Cir. 2014). But, at least one other court in this District has canvassed the Ontario law related to the interpretation of forum-selection clauses, and there is generally no difference between Ontario and the Second Circuit in this regard. *See Sick Kids*, 2015 WL 5672042, at *3-5. There is thus no need to distinguish between Ontario and U.S. federal law in this instance. *See Phillips*, 494 F.3d at 386 (noting that unless a party points to distinctive features of foreign law, court can "apply general contract law principles and federal precedent . . . .").

*Am. Corp.*, __ F. Supp. 3d __, 2020 WL 2765693, at *17 (S.D.N.Y. May 28, 2020). The phrase "in connection with" is construed more broadly to apply to claims that are related to the contract. *Id.* at *18. Here, Counts I-III all directly arise out of – or at a minimum are related to – the Maropost Agreement.

Count I is for breach of the Maropost Agreement (Compl. ¶¶77-82) and Count III requests a declaratory judgment "as to whether Maropost must abide by the Maropost Agreement's terms" (Compl. ¶88). These claims are thus indisputably contract-related.

Though Count II does not directly reference the Maropost Agreement, the Complaint makes clear that the basis for the tortious interference claim is that Maropost is reaching out to two specific clients that Zeta contends are covered by the non-solicitation provision of the Maropost Agreement. (Compl. ¶¶28-34.) The tortious interference claim would not exist but for the Maropost Agreement, as there is no other allegation of wrongful conduct by Maropost other than a purported violation of the non-solicitation provision. *Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 329 (S.D.N.Y. 2008) ("[A] contractually-based forum selection clause will also encompass tort claims if the tort claims ultimately depend on the existence of a contractual relationship between the parties . . . or if the tort claims involve the same operative facts as a parallel claim for breach of contract." (quoting *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*, No. 99-cv-10550, 2000 WL 1277597, at *6 (S.D.N.Y. Sept. 7, 2000))); *see also Sick Kids*, 2015 WL 5672042, at *4 (noting that, under Ontario law, an essentially contractual claim artfully pled as a tort is still subject to contractual forum-selection clause (citing *Kozicz v. Allen Preece*, 2013 ONSC 2823, para. 28 (Can. Ont. Sup. Ct. J.))). All of the conditions for presumptive enforcement are thus met.

B. *Zeta Cannot Overcome the Presumptive Enforceability of the Forum-Selection Clause.*

Because the forum-selection clause is presumptively enforceable, dismissal of Counts I-III is required unless Zeta makes a sufficiently strong showing that enforcement would be unreasonable or unjust or the clause is otherwise invalid. *Phillips*, 494 F.3d at 383-84. Courts have delineated a list of considerations in making this assessment:

> (1) [T]he incorporation [of the forum-selection clause] was the result of fraud or overreaching; (2) the law to be applied in the forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court.

*Starkey*, 796 F.3d at 198 (quoting *Martinez*, 740 F.3d at 228). None of these factors weighs against enforcement of the forum-selection clause at issue.

With respect to the first factor, Zeta cannot claim fraud or overreaching, as it did not participate in the underlying negotiations and willingly purchased IgnitionOne's rights and obligations under the Maropost Agreement as part of IgnitionOne's assignment for the benefit of creditors proceeding. (Compl. ¶¶18-25.) The forum-selection clause is not hidden or obfuscated in the Maropost Agreement. There is also nothing overreaching about the fact that Maropost, a Canadian corporation with a principal place of business in Toronto (Compl. ¶6), included in the Maropost Agreement a Canadian forum-selection clause. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (noting there is nothing fundamentally unfair about a company including in a form contract a forum-selection clause selecting the locus of its principal place of business). This is not a case, moreover, in which Maropost is the plaintiff, seeking to force Zeta to defend an unwelcome suit in a forum selected by a contract Zeta contests; rather, Zeta is the plaintiff seeking to enforce the contract, and it must accept all that the contract under which it claims benefit entails, including its forum-selection clause.

With respect to the second and third factors, Canadian law is clearly not "fundamentally unfair," nor would trying Counts I-III in Canada contravene any strong public policy of the U.S. or this district. Courts in this Circuit have repeatedly upheld Canadian forum-selection clauses notwithstanding minor differences between the Canadian and U.S. legal systems. *Starkey*, 796 F.3d at 198; *Novak v. Tucows, Inc.*, 330 F. App'x 204, 206 (2d Cir. 2009); *Sick Kids*, 2015 WL 5672042, at *5. Because the Maropost Agreement contains an Ontario choice-of-law provision (Maropost Agreement ¶7), moreover, Ontario law will be applied regardless of the forum.

The fourth factor is also unhelpful to Zeta for at least two reasons. First, there can be no claim that litigating its common-law claims in Ontario will deprive Zeta of its day in court; indeed, there may be no forum in the world outside the U.S. that would be closer, either geographically or structurally. Second, to the extent Zeta complains its common-law claims should remain in the U.S. because its patent claims will remain here,[7] this argument is foreclosed by Second Circuit precedent. In *Phillips*, the Second Circuit confronted a virtually identical situation – though with copyright instead of patent claims – and held that the proper course is to dismiss the claims subject to a forum-selection clause while retaining jurisdiction over those claims that fall outside the ambit of the clause. *Phillips*, 494 F.3d at 393. The *Phillips* court recognized the inconvenience of splitting litigation between two countries, but concluded that any inconvenience was outweighed by the court's "twin commitments to upholding forum selection clauses where these are found to apply and deferring to a plaintiff's proper choice of forum [for all other claims] . . . ." *Id.* The case for inconvenience/inefficiency is particularly weak here, as many of the witnesses and documents necessary to resolve Counts I-III are located in Canada, and thus it may actually be more inconvenient/inefficient to litigate those claims here.

---

[7] Maropost does not dispute that the patent claims are properly resolved in the U.S.

*See Khan v. Delta Airlines, Inc.*, No. 10-cv-2080, 2010 WL 3210717, at *5 (E.D.N.Y. Aug. 12, 2010) (noting complications associated with conducting discovery in Canada for use in U.S. litigation, including the likely need for letters rogatory).

Moreover, notwithstanding Zeta's decision – likely for the very purpose of hoping to strengthen its attempt to overcome the forum-selection clause – to bring its patent claims and common-law claims together, there is no relation between the patent and common-law claims. Neither set of claims could be deemed compulsory in a suit involving the other, and there is very little efficiency to be gained from litigating the claims together. Therefore, requiring the separate claims to be tried in different fora cannot be deemed to rise to the level of an insurmountable difficulty.

## CONCLUSION

In view of the foregoing, the Court should dismiss Counts I-III of the Complaint pursuant to the doctrine of *forum non conveniens*, as all the grounds for presumptive enforcement of the forum-selection clause are met, and there is no basis upon which to decline to enforce the clause. Respectfully submitted,

Dated: October 2, 2020                    */s/ Elizabeth J. Sher*
                                          Elizabeth J. Sher
                                          Mark Salah Morgan
                                          Jonathan B. Tropp

                                          **DAY PITNEY LLP**
                                          605 Third Avenue, 31st Floor
                                          New York, NY 10158
                                          T: (212) 297-5800
                                          F: (212) 916-2940

                                          *Counsel for Defendant*

-11-

## CERTIFICATE OF SERVICE

I hereby certify that, on the 2nd day of October 2020, a copy of the foregoing document in its entirety, was served upon counsel for Plaintiff via ECF.

*/s/ Elizabeth J. Sher*
Elizabeth J. Sher
