UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

ZETA GLOBAL CORP., a Delaware corporation, | Civil Action No. 1:20-cv-03951-LGS

*Plaintiff*,

v.

MAROPOST MARKETING CLOUD, INC., a Canada corporation,

*Defendant*.

---------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW OF DEFENDANT MAROPOST MARKETING CLOUD, INC. IN FURTHER SUPPORT OF ITS MOTION TO DISMISS COUNTS I-III OF THE COMPLAINT ON THE GROUND OF *FORUM NON CONVENIENS***

Elizabeth J. Sher
Mark Salah Morgan
Jonathan B. Tropp
DAY PITNEY LLP
605 Third Avenue, 31st Floor
New York, New York  10158
T: (212) 297-5800
F: (212) 916-2940
*Counsel for Defendant*

106729364

-i-

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

LEGAL ARGUMENT .................................................................................................................. 2

    I.    THE FORUM-SELECTION CLAUSE UNAMBIGUOUSLY REQUIRES COUNTS I-III TO BE LITIGATED IN ONTARIO. .................................................. 2

    II.    THE FORUM-SELECTION CLAUSE IS ENFORCEABLE AGAINST ZETA ....... 5

        A.    Zeta Cannot Disavow the Forum-Selection Clause in the Very Contract Under Which It Sues. ........................................................................................ 6

        B.    Zeta is Also Bound by the Forum-Selection Clause As a Successor-in-Interest to IgnitionOne's Rights and Obligations Under the Agreement. ....... 8

CONCLUSION............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aguas Lenders Recovery Grp. v. Suez, S.A.*,
　585 F.3d 696 (2d Cir. 2009)......................................................................................6, 7, 9

*Baosteel Am., Inc. v. M/V "Ocean Lord"*,
　257 F. Supp. 2d 687 (S.D.N.Y. 2003)...............................................................................4

*Burrows Paper Corp. v. Moore & Assocs.*,
　No. 6:07-cv-62, 2007 WL 2089682 (N.D.N.Y. July 20, 2007) .......................................6

*Cargo Partner AG v. Albatrans, Inc.*,
　352 F.3d 41 (2d Cir. 2003)................................................................................................9

*Kasparov v. Ambit Tex., LLC*,
　No. 12-cv-3488, 2016 WL 10749156 (E.D.N.Y. Mar. 10, 2016), *report & recommendation adopted by* 2016 WL 6779497 (E.D.N.Y. Nov. 16, 2016) ........................................6

*Lachmar v. Trunkline LNG Co.*,
　753 F.2d 8 (2d Cir. 1985)........................................................................................7, 8, 9

*Laspata DeCaro Studio Corp. v. Rimowa GmbH*,
　No. 16-cv-934, 2017 WL 1906863 (S.D.N.Y. May 8, 2017) (Schofield, J.)..................6, 7

*Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*,
　595 F.3d 458 (2d Cir. 2010)..............................................................................................2

*Maritime Insurance Co. Ltd. v. M/V "Sea Harmony"*,
　No. 97-cv-3818, 1998 WL 214777 (S.D.N.Y. May 1, 1998) ..........................................7

*Martinez v. Bloomberg LP*,
　740 F.3d 211 (2d Cir. 2014).............................................................................................5

*New York v. Nat'l Serv. Indus., Inc.*,
　460 F.3d 201 (2d Cir. 2006).............................................................................................9

*Novak v. Tucows, Inc.*,
　No. 06-cv-1909, 2007 WL 922306 (E.D.N.Y. Mar. 26, 2007), *aff'd*, 330 F. App'x 204 (2d Cir. 2009) ..............................................................................................................3

*Phillips v. Audio Active Ltd.*,
　494 F.3d 378 (2d Cir. 2007).............................................................................................4

*In re Refco Inc., Sec. Litig.*,
　　No. 08-cv-3086, 2009 WL 5548666 (S.D.N.Y. Nov. 16, 2009) ................................................. 6

*Sirico v. RIH Acquisitions NJ, LLC*,
　　No. 1:06-cv-3262, 2006 WL 3370399 (E.D.N.Y. Nov. 20, 2006) ........................................ 4, 5

**Other Authorities**

Toronto, Ont., Mun. Code table of contents,
　　https://www.toronto.ca/legdocs/bylaws/lawmcode.htm ............................................................ 3

11 Williston on Contracts § 32:5 (4th ed. May 2020 update) ........................................................... 2

**PRELIMINARY STATEMENT**

In its opening brief, Maropost[1] demonstrated that the Court should dismiss Counts I-III of Zeta's Complaint on grounds of *forum non conveniens* because Zeta is bound to litigate those claims in Ontario, Canada. Zeta's opposition papers fail to refute and, indeed, further support this conclusion. Zeta makes no argument that Counts I-III are not subject to the forum-selection clause, that enforcing the clause would somehow be unreasonable or unjust, that it was unaware of the clause when it acquired assets and liabilities from IgnitionOne, or that it would be inefficient or otherwise improper to sever Counts I-III, which assert claims related to the Maropost Agreement, from Counts IV-VI, which assert unrelated patent claims. Nor does Zeta dispute any of the facts on which Maropost relies. Though it submits a declaration of counsel, that declaration further cements the solid factual foundation for Maropost's motion.

Instead, though set forth in five parts, Zeta's opposition brief essentially makes only two arguments, neither one availing. First, Zeta tortures the language and plain meaning of the forum-selection clause in the Maropost Agreement to argue, incorrectly, the clause provides merely a choice-of-law or perhaps a submission to non-exclusive jurisdiction in Toronto. As Zeta concedes, the unambiguous language of the Maropost Agreement provides: "*All disputes* arising out of or in connection with this Agreement *shall be referred to and finally resolved* under the laws of Ontario and *in Toronto, Ontario*." (Opp. Br. at 2 (emphasis added).) Second, Zeta denies being bound by an integral provision of the very contract it is seeking to enforce. Under well-established Second Circuit law, which governs the enforceability of the forum-selection clause, a party suing to enforce rights under a contract cannot disavow a forum-selection clause in the asserted contract. Moreover, even though Zeta is not party to the contract, it is bound, as

---

[1] Capitalized terms used herein but not defined shall have the same meaning as in Maropost's Moving Brief.

IgnitionOne's successor-in-interest, to the forum-selection clause in the Maropost Agreement. As Zeta's own papers show, Zeta expressly agreed to be bound by the promises and obligations in the Maropost Agreement when it acquired IgnitionOne's assets and liabilities out of bankruptcy.

## LEGAL ARGUMENT

### I. THE FORUM-SELECTION CLAUSE UNAMBIGUOUSLY REQUIRES COUNTS I-III TO BE LITIGATED IN ONTARIO.

Zeta does not dispute that the forum-selection clause applies to Counts I-III, but contends that it does not actually address forum; rather, according to Zeta, the clause addresses only choice-of-law. This bizarre argument fails.

First, Zeta's argument violates the cardinal rule that all words in a contract shall be given effect. 11 Williston on Contracts § 32:5 (4th ed. May 2020 update) ("[E]very word, phrase or term of a contract must be given effect. An interpretation which gives effect to all provisions of the contract is preferred to one which renders part of the writing superfluous, useless or inexplicable."); *accord Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 467-68 (2d Cir. 2010). The clause at issue actually has two sentences. The first provides: "This Agreement is governed by the laws of the Province of Ontario, Canada." This is a classic choice-of-law clause. The second sentence provides: "All disputes arising out of or in connection with this Agreement shall be referred to and finally resolved under the laws of Ontario and in Toronto, Ontario." This is an archetypal forum-selection clause. Zeta's construction of this clause as merely a choice-of-law clause would render the first sentence superfluous. Still further, Zeta's construction ignores the preposition "in." Properly parsed, the sentence reads: "All disputes arising out of or in connection with this agreement shall be referred to and finally resolved [a] under the laws of Ontario and [b] in Toronto, Ontario."

-3-

Moreover, Zeta's attempt to find another meaning for the contract's requirement that "[a]ll disputes" be "finally resolved . . . in Toronto, Ontario" is nonsensical. Zeta suggests this means merely that the municipal laws of Toronto – *i.e.*., its Municipal Code – supplements the law of Ontario generally. (Opp. Br. at 4.) This argument need not detain the Court for long. As already noted, the clause simply does not bear that reading. A mere choice-of-law clause would not say that disputes are to be resolved "*in* Toronto, Ontario." The preposition "in" unquestionably denotes forum choice rather than choice-of-law. *Novak v. Tucows, Inc.*, No. 06-cv-1909, 2007 WL 922306, at *9 (E.D.N.Y. Mar. 26, 2007) (holding clause providing that "any action relating to this agreement must be brought in Ontario" clearly required disputes to be brought in Ontario), *aff'd*, 330 F. App'x 204 (2d Cir. 2009). Nor does Zeta's construction make any sense as a practical matter. Review of Toronto's Municipal Code shows that – like virtually all municipal codes – it does not set forth any substantive contract law or any other law that would be relevant in the event of a dispute over the Maropost Agreement. Rather, it contains provisions related to, *inter alia*, parking, graffiti, and management of the Toronto Zoo. Toronto, Ont., Mun. Code table of contents, https://www.toronto.ca/legdocs/bylaws/lawmcode.htm. Zeta suggests the Toronto Municipal Code might apply in the event of a claim in small claims court, but makes no explanation why the breach of a commercial contract would be litigated in such a forum.

Zeta's next argument – that the forum-selection clause is not mandatory – violates the same canon of construction and is equally meritless. Zeta concedes that, if the forum-selection clause is mandatory (and if enforceable here), Counts I-III must be dismissed. It argues nonetheless that the language is not mandatory either because it is not exclusive or because it is at least not unambiguously so. Again, the language reads: "*All disputes* arising out of or in

connection with this Agreement *shall* be referred to and finally resolved under the laws of Ontario *and in Toronto, Ontario.*" This language is both unambiguous and mandatory, and cannot be construed otherwise without ignoring both the words "all disputes" and "shall."

Zeta misses the fundamental distinction between contract provisions that submit to personal jurisdiction (*e.g.*, where the parties agree that a given court shall have jurisdiction over any disputes, notwithstanding that there may be other appropriate fora) and those provisions that contain obligatory language as to the venue in which suit must be brought. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386-87 (2d Cir. 2007) (explaining the distinction between the two types of clauses). The clause at issue does *not* say, "the parties shall submit to the jurisdiction of the courts in Toronto, Ontario," which would permit, but not require, either party to sue in Toronto.[2] The actual language, "[a]ll disputes … shall be referred to and finally resolved . . . in Toronto, Ontario," is a clear directive as to where *all* suits *must* be brought. *See Phillips*, 494 F.3d at 382, 386-87 (holding clause providing that "any legal proceedings that may arise out of [the contract] *are to be brought* in England" was mandatory and required any suit to be brought in England (emphasis added)); *Baosteel Am., Inc. v. M/V "Ocean Lord"*, 257 F. Supp. 2d 687, 688 (S.D.N.Y. 2003) (holding clause requiring that "[a]ll disputes arising under and in connection with this Bill of Lading *shall* be settled in the flag-state of the ship" to be a mandatory forum-selection clause (emphasis added)).

Finally, because the forum-selection clause is unambiguous, Zeta's request that the clause be construed against Maropost as the drafter should be disregarded. This case is a far cry from *Sirico v. RIH Acquisitions NJ, LLC*, No. 1:06-cv-3262, 2006 WL 3370399 (E.D.N.Y. Nov. 20, 2006), cited by Zeta. The relevant clause in that case provided "GOVERNING LAW: This

---

[2] This was the type of clause at issue in the *Heyco* and *Crook* cases cited by Zeta. (Opp. Br. at 6.)

Agreement shall be venued in and construed in accordance with the laws of the State of New Jersey." *Id.* at *1. Neither the court nor the parties were able to shed any light on what it means for an agreement itself to be venued in a particular state, as opposed to disputes arising out of or in connection with the agreement, as here. *Id.* The court found it plausible that the parties meant merely to clarify that the agreement should be deemed to have been entered into in New Jersey, since it was signed and faxed over state lines. *Id.*

In any event, *Sirico* cuts strongly against Zeta's position, as the court noted that if the clause had provided for venue in a specific county (as opposed to referring to New Jersey generally), it would have been more clear that a forum-selection clause was intended. *Id.* Here, of course, the forum-selection clause refers to disputes being resolved in Toronto, specifically, under Ontario law, indicating both a mandatory forum and a choice-of-law. *See id.* Zeta's tortured reading of the forum-selection clause simply does not rise to the level of plausibility necessary to create an ambiguity; the clause plainly requires disputes to be resolved: (a) under the laws of Ontario; and (b) in Toronto.

## II. THE FORUM-SELECTION CLAUSE IS ENFORCEABLE AGAINST ZETA.

Zeta's arguments regarding the enforceability as to it of the forum-selection clause are equally unavailing. As a preliminary matter, Zeta confuses the choice-of-law issue by suggesting Delaware, New York state, or Canadian law could apply. As explained by the Second Circuit in *Martinez v. Bloomberg LP*, 740 F.3d 211 (2d Cir. 2014), in assessing the *enforceability* of a forum-selection clause (as opposed to its interpretation), federal common law – *i.e.*, the law of this Circuit – controls. *Id.* at 223-24 ("[Q]uestions of enforceability are resolved under federal law."). Under Second Circuit law, Zeta cannot avoid the forum-selection clause of the Maropost

Agreement for two reasons: (1) it is a plaintiff seeking to enforce the Agreement; and (2) it is a successor-in-interest to the Agreement and expressly agreed to be bound.

### A. *Zeta Cannot Disavow the Forum-Selection Clause in the Very Contract Under Which It Sues.*

The Second Circuit has established that "the fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause." *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 701-02 (2d Cir. 2009). Where, as here, the party being bound by the clause is "closely related" to the contract containing it, it is foreseeable and fair to enforce the clause against the non-signatory. *Id.* Both before and after *Aguas*, courts in this circuit have repeatedly held that when a non-signatory to a contract sues to enforce that contract, the "closely-related" test is satisfied, and the party cannot disclaim a forum-selection clause contained therein. *In re Refco Inc., Sec. Litig.*, No. 08-cv-3086, 2009 WL 5548666, at *9-10 (S.D.N.Y. Nov. 16, 2009) ("It is well-settled that a party seeking to obtain the benefits of a contract must also accept its burdens, including contractual forum selection."). Indeed, "it would defy logic" to allow a non-signatory plaintiff to come into court seeking enforcement of some of the terms of an agreement while denying others, including a forum-selection clause. *Burrows Paper Corp. v. Moore & Assocs.*, No. 6:07-cv-62, 2007 WL 2089682, at *3 (N.D.N.Y. July 20, 2007); *accord Kasparov v. Ambit Tex., LLC*, No. 12-cv-3488, 2016 WL 10749156, at *3 (E.D.N.Y. Mar. 10, 2016), *report & recommendation adopted by* 2016 WL 6779497 (E.D.N.Y. Nov. 16, 2016).

This Court has likewise recognized that where a party asserts claims under a contract, that party cannot disavow a forum-selection clause in the same contract. *Laspata DeCaro Studio Corp. v. Rimowa GmbH*, No. 16-cv-934, 2017 WL 1906863, at *6 (S.D.N.Y. May 8, 2017) (Schofield, J.) ("Even if these subsidiaries are not third-party beneficiaries, they are covered by

the forum selection clause because their crossclaims derive entirely from the terms of the agreement."). In so holding, this Court relied on *Aguas* (and other cases from this District), applying the "closely-related" test to determine the enforceability of forum-selection clauses. *Id.*

Here, Zeta asserts claims under the Maropost Agreement, including, specifically, that Maropost purportedly breached the Agreement. As a plaintiff seeking the benefit of the Maropost Agreement, Zeta must abide by its forum-selection clause, as its claims are closely related to, and indeed, entirely derivative of the Maropost Agreement. *See id.* Zeta cannot purport to have purchased all of IgnitionOne's rights under the Maropost Agreement while disclaiming its consequential obligations, including the going-forward obligation to bring any claims under that Agreement in Toronto.

None of the cases cited by Zeta warrants a different conclusion. As noted, the Delaware and Canadian cases cited by Zeta are irrelevant, as the issue of enforceability is governed by federal common law, as developed by the Second Circuit. As to the cases cited by Zeta from this Circuit, all are distinguishable. In *Maritime Insurance Co. Ltd. v. M/V "Sea Harmony"*, No. 97-cv-3818, 1998 WL 214777, at *1 (S.D.N.Y. May 1, 1998), the plaintiff sought to enforce a forum-selection clause against an involuntary defendant. Here, Zeta voluntarily invokes the contract. Zeta appears to fail to recognize the significance of this distinction because it reversed the roles of the parties in the bracketed text it quotes on page 8 of its Opposition Brief, without acknowledging the implications of the alteration. Nonetheless, unlike the defendant in *Maritime*, Zeta is seeking simultaneously both to invoke and avoid a contract. In *Lachmar v. Trunkline LNG Co.*, 753 F.2d 8, 10 (2d Cir. 1985), the court merely held that the federal government, which held a security interest in certain agreements between the parties, was not a necessary party to arbitration between those parties and could not therefore be compelled to arbitrate.

*Lachmar* did not involve a plaintiff seeking to enforce a contract while disavowing its forum-selection clause. None of the other Second Circuit cases cited by Zeta touch on forum-selection clauses or arbitration clauses, and they thus have nothing to do with contractual provisions mandating that disputes be resolved in a particular place or manner. Zeta offers no basis for this Court to depart from the well-established rule that a non-signatory plaintiff suing on a contract is bound by that self-same contract, including its forum-selection clause.

> B. *Zeta is Also Bound by the Forum-Selection Clause As a Successor-in-Interest to IgnitionOne's Rights and Obligations Under the Agreement.*

That Zeta is suing under the Maropost Agreement establishes the enforceability of the forum-selection clause as a matter of federal common law. But Zeta is also bound by the clause because it expressly agreed to be. Zeta misdirects the Court to the forum-selection clause in its Purchase Agreement, insisting Zeta agreed there only to be bound to litigate in Delaware. (Opp. Br. at 2.) Given Zeta's election not to file this suit in Delaware, the assertion is a curious one,[3] but the clause in that agreement in any event applies to the parties to that agreement and is irrelevant to Maropost and the Maropost Agreement. Zeta's citation to the Purchase Agreement is obfuscation. Rather, the Assignment and Assumption Agreement between Zeta and IgnitionOne's general assignee, Asset Recovery Associates, LLC ("Asset Recovery"), pursuant to which Zeta specifically acquired any rights it now has in the Maropost Agreement, expressly provides:

---

[3] In fact, as noted in Maropost's Moving Brief, Zeta initially filed suit in California, further calling into question the genuineness of its belief that Delaware is the appropriate forum for this dispute.

> Subject to the terms and conditions of the Purchase Agreement [between Asset Recovery and Zeta], the Assignor [Asset Recovery] hereby assigns, transfers and conveys to Assignee its entire right, title, and interest in and to Maropost Agreement and all rights and future obligations associated therewith, and *Assignee hereby assumes and agrees to pay, perform, discharge and satisfy such obligations.*

(Decl. of John Du Wors, Ex. D, § 1 (emphasis added).) Thus, far from supporting Zeta, the declaration of its counsel cements the conclusion that Zeta is bound by the forum-selection clause: it expressly assumed IgnitionOne's obligations, including to litigate all disputes arising out of the Maropost Agreement in Toronto.

In short, Zeta's contention that it did not agree to be bound by the forum-selection clause in the Maropost Agreement is false. In this light, moreover, Zeta's *Lachmar* case takes on new significance. As Zeta acknowledges, that case stands for the proposition that the assignee of rights under a bilateral contract *is* bound to perform the assignor's duties under the contract where it "expressly assumes to do so." (Opp. Br. at 9 (quoting *Lachmar*)); *see also Aguas*, 585 F.3d at 701 ("We conclude that, if successorship is established, a non-signatory is subject to the *M/S Bremen* presumption of the enforceability of mandatory forum selection clauses."); *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006) (holding party succeeds to obligations it expressly assumes); *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 (2d Cir. 2003) (same).

Because Zeta expressly assumed all going-forward obligations associated with the Maropost Agreement, including the obligation to seek enforcement of the agreement only in Toronto, Counts I-III should be dismissed.

## CONCLUSION

For the foregoing reasons and those set forth in its opening brief, Maropost respectfully requests that the Court dismiss Counts I-III of Zeta's Complaint pursuant to the doctrine of *forum non conveniens*.

Dated: October 23, 2020

*/s/ Elizabeth J. Sher*
Elizabeth J. Sher
Mark Salah Morgan
Jonathan B. Tropp

**DAY PITNEY LLP**
605 Third Avenue, 31st Floor
New York, NY 10158
T: (212) 297-5800
F: (212) 916-2940

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 23rd day of October 2020, a copy of the foregoing document in its entirety, was served upon counsel for Plaintiff via ECF.

*/s/ Elizabeth J. Sher*
Elizabeth J. Sher