**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

| | |
|---|---|
| ZETA GLOBAL CORP., a Delaware corporation, | Civil Action No. 1:20-cv-03951-LGS |
| *Plaintiff*, | |
| v. | **[PROPOSED] DISCOVERY CONFIDENTIALITY ORDER** |
| MAROPOST MARKETING CLOUD, INC., a Canada corporation, | |
| *Defendant*. | |

---------------------------------------------------------------------X

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be

designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except native files and deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." For any native files that may be produced, whether as a copy of such file or for inspection, an appropriate designation may be made either by adding the designation to the file name or, if deemed necessary or appropriate (e.g., to preserve metadata), by written notification accompanying the production.

2. With respect to documents, information or material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; (e) stipulations; and (f) all

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," both individually and collectively.

other documents and materials required to be produced pursuant to this Court's individual patent rules. All copies, reproductions, extracts, digests and complete or partial summaries comprising confidential information from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

3. A designation of Protected Material may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) in writing, as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

4. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in Paragraph 11 herein:

   (a)   outside counsel of record in this Action for the Parties;

   (b)   employees of outside counsel of record assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   (c)   in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and who have completed the Undertaking

107061863.1

     attached as Appendix A hereto and the same is served upon the Parties;

(d) representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, provided that the Party seeking to disclose Protected Materials to a Party representative serves an executed copy of Appendix A with that Party representative's signature;

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and. (2) the consultants or experts execute Appendix A and provide an executed copy of Appendix A to the producing Party; and (3) the consultants or experts provide the producing Party a copy of the consultants' or experts' current curriculum vitae.  The executed copy of Appendix A and current curriculum vitae must be provided at least seven (7) days before access to the Protected Material is to be given to that consultant or expert. During this seven (7) days, the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may notify the Court of the dispute within fourteen (14) days of the notice, or within such other time as the Parties may agree. The objecting Party shall have the burden of proving the need for a protective order with respect to the proposed disclosure. No disclosure shall occur until all such objections are resolved by agreement or Court order. Employees of a consultant's or expert's firm assisting in the consultant's or expert's analysis are not required to be disclosed in accordance with the procedures of this Section and may access Protected Material upon access being provided to the consultant or expert;

(f) independent litigation support services, including persons working for or as court reporters or videographers, graphics or design services, jury or trial consulting services, and photocopy, document imaging, file hosting, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g) the Court and its personnel.

5. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

6. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

7. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "ATTORNEYS' EYES ONLY."

8. For Protected Material designated "ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in Paragraphs 5(a-b) and (e-g).

9. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. The producing party may

give written notice to the receiving party that the document or information inadvertently or unintentionally produced is privileged or otherwise protected. Within seven (7) days of receipt of such written notice, the receiving party shall immediately comply with Federal Rule of Civil Procedure 26(b)(5)(B) by returning or destroying the original and all copies of the information, making its best efforts to destroy those portions of summaries or notes pertaining to the information identified and taking reasonable steps to retrieve the information if the party disclosed it before being notified except, however, that a Party seeking to challenge the claim of privilege or protection may retain a single copy of the disputed information solely for the purpose of making that challenge. If the Court denies the challenge, the party making the challenge has seven (7) days from receipt of the order denying the challenge to comply with Federal Rule of Civil Procedure 26(b)(5)(B) by returning or destroying the copy of the disputed information retained for the purpose of making the challenge. If a receiving party wishes to challenge the claim of privilege or protection, no later than twenty-one (21) days from receiving the notice, it must submit a letter to the Court, ~~under seal~~ in accordance with the Court's Standing Orders and Individual Rules for sealed filings, for a determination of the claim. The receiving party shall not rely upon the fact or circumstances of the production of the information in challenging the claim of privilege or protection. No person or Party shall incur any liability hereunder for any disclosure or filing of inadvertently disclosed documents when the disclosure occurred before receipt of notice of the inadvertent disclosure.

10. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents,

107061863.1

information and material to protect against disclosure to any unauthorized persons or entities.

11. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to Paragraphs 4 and 8) of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

12. Parties may, at the deposition or hearing or within twenty-eight (28) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "ATTORNEY' EYES ONLY." Access to the deposition or hearing transcript so designated shall be limited in accordance with the

terms of this Order. Until expiration of the 28-day period, the entire deposition or hearing transcript shall be treated as "ATTORNEYS' EYES ONLY." After the expiration of that period, the transcript shall be treated only as actually designated.

13. Any DESIGNATED MATERIAL that is filed with the Court shall be filed ~~under seal~~ in accordance with the Court's Standing Orders and Individual Rules regarding sealed filings. ~~and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.~~ Exhibits to a filing shall conform to the labeling requirements set forth in this Order. ~~If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.~~

14. This Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

15. At any stage of this Action, any party may object to a designation of Protected Material. The party objecting to a confidentiality designation shall notify, in writing, counsel for the producing party of the objected-to materials and the grounds for the objection. If the Parties are unable to resolve their dispute on their own, they may seek the Court's involvement pursuant to the Court's individual rules of practice. The Protected Material at issue shall be treated as designated by the producing party, until the Court has ruled on the matter or the matter has been otherwise resolved.

16. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

17. If a receiving Party learns that, through inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the receiving Party must immediately: (a) provide written notice to the producing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (d) request such person or persons to execute Appendix A attached hereto; and (e) take all reasonable measures to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material.

18. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

19. To the extent that any discovery is taken of persons who are not Parties to this Action

107061863.1

("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may avail themselves of the provisions of this Order.

20. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties.

21. Within thirty-five (35) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the receiving Party's election either be returned to the producing Party or be destroyed. However, notwithstanding this requirement, Outside Counsel may retain DESIGNATED MATERIAL incorporated into court filings, pleadings, motions and trial briefs, written discovery responses, trial transcripts, attorney work product, and communications for archival purposes. The receiving Party shall verify the return or destruction in writing.

22. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further

107061863.1

performance of any action alleged to constitute a violation of this Order.

23. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

24. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

25. Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change whether documents and information produced in this Action are confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

26. Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon DESIGNATED MATERIAL, provided counsel does not disclose the DESIGNATED MATERIAL itself except as provided in this Order.

27. Nothing in this Protective Order shall prevent or restrict a producing party's own disclosure or use of its own Protected Material for any purpose.

28. In the event that a new party is added, substituted, or brought in, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order.

29. Transmission by e-mail is acceptable for all notification purposes herein.

30. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

31. The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

| NEWMAN DU WORS LLP | DAY PITNEY LLP |
|---|---|
| /s/ *John Du Wors* (with permission)<br>John Du Wors<br>2101 Fourth Avenue, Suite 1500<br>Seattle, WA  98121<br>Phone: (206) 274-2800<br>Facsimile: (206) 274-2801<br><br>Counsel for Plaintiff<br>Zeta Global Corp.<br><br>Dated: February 9, 2021 | /s/ *Jonathan B. Tropp*<br>Jonathan B. Tropp<br>195 Church Street, 15th Floor<br>New Haven, CT 06510<br>T: (203) 977-7337<br>F: (203) 901-1733<br><br>Counsel for Defendant<br>Maropost Marketing Cloud, Inc.<br><br>Dated: February 9, 2021 |

SO ORDERED

Dated: February 10, 2021
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | |
|---|---|
| ZETA GLOBAL CORP., a Delaware corporation, | Civil Action No. 1:20-cv-03951-LGS |
| *Plaintiff*, | |
| v. | |
| MAROPOST MARKETING CLOUD, INC., a Canada corporation, | |
| *Defendant*. | |

APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
DISCOVERY CONFIDENTIALITY

I, _____, declare that:

1. My address is _____. My current employer is _____. My current job title is _____.

2. I have received a copy of the Discovery Confidentiality Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Discovery Confidentiality Order. I will hold in confidence, will not disclose to anyone not qualified under the Discovery Confidentiality Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of the above captioned action, including any appeals, I will

-14-

return to the outside counsel for the party by whom I am retained or employed, or provide written certification of my destruction of, all documents and things designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Discovery Confidentiality Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____