UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ZETA GLOBAL CORP.,                                          :
                                     Plaintiff,             :
                                                            :    20 Civ. 3951 (LGS)
              -against-                                     :
                                                            :    **OPINION AND ORDER**
MAROPOST MARKETING CLOUD, INC.,                             :
                                     Defendant.             :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

In this contract dispute, Plaintiff alleges breach of a non-solicitation provision in an agreement between its predecessor and Defendant. Defendant brings this partial motion to dismiss certain causes of action in the Complaint for failure to state a claim on the ground that a forum selection clause in the agreement requires disputes arising in connection with the agreement to be adjudicated in Toronto. The parties dispute whether (1) that clause is mandatory, thus requiring dismissal of Plaintiff's claims in this forum and (2) whether it applies to Plaintiff, who is not the original signatory to the agreement. For the reasons stated below, Defendant's motion is granted.

I.    **BACKGROUND**

The following facts are taken from the Complaint and are assumed to be true for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

Plaintiff is a Delaware corporation headquartered in New York City. Defendant is a Canadian corporation headquartered in Toronto. Both Plaintiff and Defendant provide digital marketing services. In 2017, Defendant entered into a Master Service Agreement (the "Agreement") with IgnitionOne, Inc. The Agreement contains a non-solicitation provision:

> Non-Solicitation of Customers and Employees. During the Term and for the one-year period thereafter, Maropost agrees not to: (a) directly or indirectly solicit or otherwise provide the Services to any customer of IgnitionOne that it is presently providing Services to or that it has provided Services to in the past six (6) months[.]

The Agreement also contains a choice of law clause, which specifies that it "is governed by the laws of the Province of Ontario Canada." The Agreement also contains a forum selection clause:

> All disputes arising out of or in connection with this Agreement shall be referred to and finally resolved under the laws of Ontario *and in Toronto, Ontario*. [Emphasis added.]

In November 2019, IgnitionOne filed for a general assignment for the benefit of creditors, pursuant to which it transferred the Agreement to Asset Recovery Associates, LLC ("Asset Recovery"). Asset Recovery subsequently entered into an asset purchase agreement ("Asset Purchase Agreement") with Plaintiff, which included a sale of Asset Recovery's interest in the Agreement. Asset Recovery and Plaintiff also entered into an assignment and assumption agreement ("Assignment Agreement"), pursuant to which Asset Recovery assigned to Plaintiff all of IgnitionOne's rights, title and interest in and to the Agreement.

The Complaint alleges that Plaintiff acquired IgnitionOne's clients through its purchase of IgnitionOne's assets via Asset Recovery, and that Defendant has solicited business from at least two of those clients in violation of the Agreement's non-solicitation provision. The Complaint alleges causes of action for breach of contract, tortious interference with a contractual relationship and declaratory judgment (collectively, the "Contract Claims"). The Complaint also asserts three patent infringement claims not at issue in this motion.

## II. STANDARD

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co., Inc. v. U.S.*

*Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013); *accord Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 463 F. Supp. 3d 409, 435 (S.D.N.Y. 2020). Enforcement of a forum selection clause is governed by a four-part test:

> (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., whether the parties are required to bring any dispute to the designated forum or simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause. If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

*Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (alterations, quotation marks and citations omitted); *accord Allianz*, 463 F. Supp. 3d at 435. Where, as here, an agreement contains a choice of law clause and a forum selection clause, interpretation of the forum selection clause is governed by the parties' chosen body of law, while enforceability of the forum selection clause is governed by federal common law. *Martinez*, 740 F.3d at 217; *accord NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 342 (S.D.N.Y. 2020). Steps one and four of the *Martinez* analysis involve enforceability of a forum selection clause, whereas steps two and three of that analysis involve questions of interpretation. *Martinez*, 740 F.3d at 217. So a court should "normally apply the body of law selected in an otherwise valid choice-of-law clause" to the step-two question of whether a forum selection clause is mandatory. *Id.* at 217-18; *accord DataCatalyst, LLC v. Infoverity, LLC*, No. 20 Civ. 310, 2020 WL 1272199, at *2 (S.D.N.Y. Mar. 17, 2020).

In deciding a motion to dismiss for *forum non conveniens* based on a forum selection clause, a district court typically relies on pleadings and affidavits, but cannot resolve any disputed material fact in the movant's favor unless an evidentiary hearing is held. *See Martinez*,

3

740 F.3d at 216–17; *accord Fagbeyiro v. Schmitt-Sussman Enterprises, Inc.*, No. 17 Civ. 7056, 2018 WL 4681611, at *2 (S.D.N.Y. Sept. 28, 2018). The parties here did not request an evidentiary hearing and relied solely on the pleadings and affidavits. Because the parties' submissions and arguments do not raise any factual disputes, no evidentiary hearing is needed.

## III. DISCUSSION

Plaintiff does not dispute step one of the *Martinez* analysis -- that the forum selection clause was reasonably communicated to Plaintiff (the party resisting enforcement). Nor does Plaintiff argue at step four of the analysis that enforcement of the clause would be unreasonable or unjust, or that the clause was invalid due to fraud or overreaching. *See Martinez,* 740 F.3d at 217.

### A. Whether the Forum Selection Clause is Mandatory

The parties first dispute whether the forum selection clause is mandatory or permissive (step two of the *Martinez* analysis), and thus whether the Contract Claims must be dismissed because they can proceed only in Toronto. As discussed above, the law of Ontario, Canada, governs this interpretive question in accordance with the Agreement's choice of law clause. But the parties largely address this question by reference to federal precedent and general principles of contract interpretation. Accordingly, the Court evaluates the forum selection clause with reference to the law on which the parties rely. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007) (where parties did not meaningfully construe forum selection clause under English law, despite choice of law clause to that effect in contract, "assum[ing] from the parties' briefing that they do not rely on any distinctive features of English law and apply[ing] general contract law principles and federal precedents to discern the meaning and scope of the forum clause"); *accord Baker-Rhett v. Aspiro AB*, 324 F. Supp. 3d 407, 418 n.4 (S.D.N.Y. 2018); *see*

*also Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V.*, No. 09 Civ. 3573, 2010 WL 3743826, at *5 n.2 (S.D.N.Y. Sept. 24, 2010) (collecting cases, stating that where "the parties rely on federal precedent rather than the law cited in their choice of law provision," a court is free to apply that precedent "to discern the meaning and scope of the forum clause").

The forum selection clause is mandatory by its express and unambiguous terms, specifying that "*[a]ll* disputes arising out of or in connection with this Agreement *shall* be referred to and finally resolved under the laws of Ontario *and in* Toronto, Ontario." A court in this district, applying Ontario law to substantially similar language -- "Licensee hereby agrees that *any* claim or action brought by the Licensee *shall* be commenced *in the courts* of the Province of Ontario, Canada" -- concluded that provision "ma[de] Ontario jurisdiction exclusive for any lawsuit brought by the licensee." *Sick Kids (Need) Involved People of New York, Inc. v. 1561599 Ontario, Inc.*, No. 15 Civ. 3756, 2015 WL 5672042, at *3 (S.D.N.Y. Sept. 25, 2015) (emphases added); *see also Novak v. Tucows, Inc.*, No. 06 Civ. 1909, 2007 WL 922306, at *9 (E.D.N.Y. Mar. 26, 2007) (holding clause providing that "any action relating to this agreement must be brought in Ontario," in agreement subject to Ontarian law, plainly required disputes to be brought in Ontario), *aff'd*, 330 F. App'x 204 (2d Cir. 2009); *cf. Starkey v. G Adventures, Inc.*, 796 F.3d 193, 197 (2d Cir. 2015) (accepting parties' stipulation that a forum selection clause stating that "any and all disputes" would be subject to the "exclusive jurisdiction of the Ontario and Canadian courts" was mandatory).

The same reasoning applies to the forum selection clause here, which states that all disputes arising out of the Agreement "shall" be resolved "in Toronto, Ontario." It is well established in this Circuit that where the mandatory term "shall" is coupled with language granting jurisdiction in one forum without the possibility of another forum, the resulting forum

5

selection clause is mandatory. *See Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 226 (2d Cir. 2011); *accord Zeppelin Sys. USA, Inc. v. Pyrolyx USA Indiana, LLC*, No. 19 Civ. 11222, 2020 WL 1082774, at *3 (S.D.N.Y. Mar. 5, 2020); *Allianz Glob. Corp. & Specialty v. Chiswick Bridge*, No. 13 Civ. 7559, 2014 WL 4674644, at *4 (S.D.N.Y. Sept. 19, 2014); *Baosteel Am., Inc. v. M/V OCEAN LORD*, 257 F. Supp. 2d 687, 690 (S.D.N.Y. 2003). Consequently, the forum selection clause plainly mandates resolution of the Contract Claims in Toronto.

Plaintiff responds that the forum selection clause is "a choice of law provision specifying Canadian law," or at most a forum selection clause regarding claims brought under Toronto municipal law. Plaintiff asserts that "*[a]ll disputes* arising out of or in connection with this Agreement *shall be referred to and finally resolved* under the laws of Ontario *and in Toronto, Ontario*," means only "that the laws of Ontario shall apply, and specifically the laws of Ontario's biggest city, Toronto." In support of this interpretation, Plaintiff posits that the clause mandates a Toronto forum only for disputes arising under Toronto's civil code, such as "a dispute suited for small-claims court." These arguments are unpersuasive. First, interpreting the clause to govern only the applicable law would render the immediately-preceding sentence -- "[t]his Agreement is governed by the laws of the Province of Ontario, Canada" -- wholly superfluous. Second, Plaintiff's interpretation ignores the words "and in" before "Ontario, Canada," which suggests that the earlier phrase "[a]ll disputes . . . shall be referred to and finally resolved" modifies two clauses: (1) "under the laws of Ontario," as well as (2) "and in Toronto, Ontario." The plain and more natural meaning of the clause is that all disputes shall be resolved (1) under the laws of Ontario and (2) in Toronto. Third, Plaintiff does not explain how, nor does it appear plausible that any claims arising under the Agreement would be appropriate in Toronto small claims court. The Toronto municipal code that Plaintiff cites references items of municipal significance (*e.g.*,

6

civil counsel procedures, theaters, fire services, parking), but does not contain any body of substantive contract law.

Plaintiff also cites several cases for the proposition that the forum selection clause does not mandate that suits be brought in Toronto, but only that they may be brought there. Plaintiff's cases are inapposite because they address permissive forum selection clauses, in which the parties agree that jurisdiction *may* lie in the selected forum, but do not deny the plaintiff the choice of another forum. *See, e.g., Weiss v. La Suisse*, 69 F. Supp. 2d 449, 454 (S.D.N.Y. 1999) (finding permissive clause stating that the parties "*have the right* to take any dispute between themselves and 'La Suisse' either before the judge of the competent court of their domicile in Switzerland or in front of the civil court in Lausanne" (emphasis added)); *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distributors Inc.*, 22 F.3d 51, 52 (2d Cir. 1994) (finding permissive a clause reading "[a]ny dispute arising between the parties hereunder shall *come within the jurisdiction* of the competent Greek Courts, specifically of the Thessaloniki Courts" (emphasis added)). Here, by contrast, the forum selection clause couples the term "shall" with the clause "in Toronto, Ontario." It plainly directs that disputes be resolved in that forum. Plaintiff acknowledges that, had the clause "stated 'all disputes shall be resolved in Toronto,' that might have been a mandatory forum clause." That is exactly what the Agreement does.

Finally, Plaintiff argues that the Agreement is ambiguous and therefore must be construed against Defendant. That argument fails because the forum selection clause unambiguously specifies that contractual disputes must be resolved in Toronto.

**B. Whether the Forum Selection Clause Applies to Plaintiff**

The parties dispute whether the forum selection clause is binding on Plaintiff, which is not a signatory to the Agreement (step three of the *Martinez* analysis). A threshold issue is whether this question relates to enforceability or interpretation of the Agreement, and thus whether the law of this Circuit or Canada applies. When determining whether a non-signatory to a forum selection clause is bound by it, courts in this Circuit have consistently applied federal law, even where the agreement contains a choice of law provision specifying the law of a different jurisdiction. *See Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 718, 722–23 (2d Cir. 2013) (applying federal law in deciding whether forum selection clause bound non-signatory, where the agreement contained a choice of law clause specifying Vatican law); *accord Laspata DeCaro Studio Corp. v. Rimowa GmbH*, No. 16 Civ. 934, 2017 WL 1906863, at *6 (S.D.N.Y. May 8, 2017) (applying federal law to find a third-party beneficiary bound by a forum selection clause, where the agreement's choice of law clause specified German law). Accordingly, federal law applies.[1]

Plaintiff is not a signatory to the Agreement, but "the fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause."

---

[1] *Martinez* states that a choice of law clause determines the body of law that applies to the interpretive question of whether a party is "subject to" a forum selection clause under step three of its test, while also stating that questions of enforceability are decided under federal law. *See* 740 F.3d at 217. Neither party has explained why principles of Canadian contract *interpretation* would decide the question of whether a non-signatory is bound by the Agreement. Defendant applies the law of this Circuit, while Plaintiff cites a variety of cases relating to assignment of contractual obligations -- rather than the specific applicability of forum selection clauses -- under Delaware, New York and Canadian law. Because courts addressing the question of whether a non-signatory to an agreement is bound by a forum selection clause have treated the question as one of enforceability and applied federal law, *see, e.g.*, *Magi XXI*, 714 F.3d at 722, this Opinion and Order does the same.

*Magi XXI*, 714 F.3d at 722; *see also id.* ("[t]he enforceability of forum selection clauses as to non-signatories need not be limited to successors in interest"); *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 701 (2d Cir. 2009). Although the Court of Appeals has not adopted a test for enforceability, "it is well established in this Circuit that a non-signatory may enforce a forum selection clause against a signatory where the non-signatory is 'closely related' to a signatory." *Prospect Funding Holdings, LLC v. Vinson*, 256 F. Supp. 3d 318, 324 (S.D.N.Y. 2017) (citing *Magi XXI*, 714 F.3d at 723) (collecting cases); *see also Yeda Rsch. & Dev. Co. Ltd. v. iCAD, Inc.*, No. 18 Civ. 8083, 2019 WL 4562409, at *6 (S.D.N.Y. Sept. 5, 2019).

Under the "closely related" standard, the relationship between the non-signatory and the signatory must be sufficiently close that enforcement of the forum selection clause is "reasonably foreseeable" to the non-signatory. *Prospect Funding*, 256 F. Supp. 3d at 325 (citing *Magi XXI*, 714 F.3d at 723). Courts have repeatedly found non-signatories "closely related to signatories where their interests are completely derivative of and directly related to, if not predicated upon the signatory party's interests or conduct." *KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC*, 812 F. Supp. 2d 377, 386 (S.D.N.Y. 2011) (quotation marks omitted) (collecting cases); *accord Laspata*, 2017 WL 1906863, at *6 (finding non-signatory cross-claimants bound by a forum selection clause "because their crossclaims derive entirely from the terms of the agreement"); *see also Aguas*, 585 F.3d at 696 (successors in interest are presumptively subject to mandatory forum selection clauses). Plaintiff's interests in the Agreement are wholly derivative of and related to those of IgnitionOne, the signatory party. The Asset Purchase Agreement between Plaintiff and IgnitionOne's assignee, Asset Management, specifically noted that Plaintiff "assumes and agrees to . . . perform, discharge and satisfy" all "rights and future obligations associated [with the Agreement]." That language plainly encompasses the obligation to litigate disputes arising out

9

of the Agreement in Toronto, and Plaintiff cannot plausibly claim that enforcement of the choice of forum clause was not foreseeable. *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006) (holding that a party is subject to liabilities and obligations that it expressly assumes); *accord Guangcheng Chen v. Matsu Fusion Rest. Inc.*, No. 19 Civ. 11895, 2020 WL 6135764, at *4 (S.D.N.Y. Oct. 16, 2020). Plaintiff is sufficiently closely related to the Agreement's original signatory that Plaintiff is subject to the mandatory forum selection clause.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

The Clerk of Court is respectfully directed to close the motion at Docket No. 32.

Dated: April 28, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**